FAYE A. DILLON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dillon v. Commissioner
Docket No. 24445-81.
United States Tax Court
T.C. Memo 1984-635; 1984 Tax Ct. Memo LEXIS 36; 49 T.C.M. (CCH) 254; T.C.M. (RIA) 84635; December 6, 1984. Richard M. Berley, for the petitioner. Thomas N. Tomashek, for the respondent. SHIELDS MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: Year
Deficiency
1977
$181,438.00
1978
115,694.00
The issues are (1) whether income earned in 1977 and 1978 by petitioner, an enrolled member of the Puyallup Indian Nation, from the operation of smokeshops on land held in trust by the United States is subject to income taxation; and (2) whether assessment of the *37 deficiencies due from petitioner is barred by the statute of limitations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by reference. Petitioner, a resident of Tacoma, Washington, is an enrolled member of the Puyallup Indian Nation. She did not file Federal tax returns for the years 1977 and 1978. The deficiencies determined by respondent were set forth in a statutory notice mailed by respondent to petitioner on June 19, 1981. During 1977 and 1978, petitioner was married to Harry Dillon, who is also an enrolled member of the Puyallup Indian Nation. They were divorced in 1979. The income at issue in this case is one-half of the net income earned by petitioner and her former husband during 1977 and 1978 from the sale of cigarettes and other tobacco products from Dillon's Smokeshop and Dillon's Tobacco Barn. Dillon's Smokeshop is located at 5803 North Levee Road, Tacoma, Washington, which is within the original boundaries of the Puyallup Indian Reservation. For all relevant periods, the land on which this smokeshop is situated has been held by the United States in trust *38 for Faye A. Dillon under the Indian Reorganization Act of 1934, ch. 576, sec. 2, 48 Stat. 984, 25 U.S.C. § 462. Petitioner was authorized to operate Dillon's Smokeshop by the Puyallup Tribal Council, the governing body of the Puyallup Indian Tribe. Dillon's Tobacco Barn is located within the boundaries of the San Xavier District of the Papago Indian Reservation on land held by the United States in trust for Papago tribal members and leased to Harry Dillon by the San Xavier Development Authority, a Papago tribal corporation. Petitioner's one-half of the community income from the two smokeshops in 1977 was $274,989.50. Her one-half of the community income from the two smokeshops in 1978 was $181,641.50. OPINION (1) Income From Smokeshops
The factual situation with respect to this issue is the same as that considered by us in Cross v. Commissioner,83 T.C. 561 (1984). Therefore, for the reasons set forth and discussed at length in that opinion, petitioner's one-half of the income from the smokeshops is subject to income tax. (2) Statute of Limitations
Since petitioner failed to file income tax returns for *39 the years 1977 and 1978, the deficiencies for those years can be assessed at any time. Sec. 6501(c)(3). [1]
Due to concessions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue unless otherwise indicated.↩